**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terry Lyn McCutcheon, ) | CV 15-0108-TUC-RM (LAB) |
| Petitioner, ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| State of Arizona; et al., ) | |
| Respondents. ) | |

Pending before the court is an amended petition for writ of habeas corpus filed on July 6, 2015, by Terry Lyn McCutcheon. (Doc. 5) McCutcheon challenges a judgment of conviction issued by the Pima County Superior Court on April 6, 1987. *Id.*; (Doc. 10-3, p. 27)

Pursuant to the Rules of Practice of this court, the matter was referred to Magistrate Judge Bowman for report and recommendation. LRCiv 72.2(a)(2).

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order dismissing the petition. It is time-barred.

Summary of the Case

On April 6, 1987, McCutcheon was convicted after a jury trial of "eight counts of armed robbery, armed kidnapping, and aggravated assault." (Doc. 10-1, p. 5); (Doc. 10-3, p. 27) The trial court determined that McCutcheon had been on parole when he committed the offenses and sentenced him to "eight concurrent life sentences, without possibility of parole for twenty-five years" on May 8, 1987. (Doc. 10-1, pp. 5, 15, 37)

On direct appeal, McCutcheon raised various trial issues. (Doc. 10-1, pp. 5-6) He also argued the trial court erred by making his sentences consecutive rather than concurrent. (Doc. 10-1, p. 12) The Arizona Supreme Court affirmed his convictions and sentence on September 26, 1989. (Doc. 10-1, pp. 2-13)

Slightly more than 23 years later on January 2, 2013, McCutcheon filed a Notice of Petition for Post-Conviction Relief. (Doc. 10-2, p. 2) He claimed (1) his sentences violated the Due Process Clause of the U.S. Constitution because "no reasonable fact finder could or would have found that he was on parole at the time of the offenses," (2) he received ineffective assistance from trial and appellate counsel who failed to raise the issue, (3) his sentences are not in accordance with the law, and (4) he will be held in custody after his lawful sentences will have expired. (Doc. 10-3, pp. 2-24) McCutcheon's petition raised the "intricate and novel" legal theory that he continued to receive "earned release credit" even after he was released on parole, so the length of his parole was shortened by one third pursuant to A.R.S. § 41-1604.07. (Doc. 10-3, pp. 29-30)

The trial court dismissed the petition on May 13, 2013. (Doc. 10-3, pp. 27-32) The court explicitly rejected McCutcheon's theory that he was eligible to earn release credits while on parole pursuant to A.R.S. § 41-1604.07. (Doc. 10-3, p. 68) The Arizona Court of Appeals granted review but denied relief on October 25, 2013. (Doc. 10-3, pp. 72-75) That court held that McCutcheon's sentencing error claim was precluded because he failed to raise it on appeal. *Id*. The court further held that McCutcheon provided no evidence that "counsels' failures to raise this novel issue . . . fell below prevailing professional norms." *Id*. The Arizona Supreme Court denied review on May 28, 2014. (Doc. 10-3, p. 94)

McCutcheon filed in this court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 19, 2015. (Doc. 1) He filed the pending amended petition on July 6, 2015. (Doc. 5)

McCutcheon claims (1) he was illegally sentenced because the trial court ignored the plain language of the parole statutes, (2) his sentences violated the Due Process Clause because no reasonable fact finder could have found he was on parole at the time of the offenses, (3) trial

- 2 -

1 counsel and (4) appellate counsel were ineffective for failing to recognize the parole issue, (5) he has a valid actual innocence claim pursuant to Ariz.R.Crim.P. 32.1(H) and an insufficiency of the evidence claim pursuant to Ariz.R.Crim.P. 32.1(A), and (6) his sentences were grossly disproportionate in violation of the Eighth Amendment. (Doc. 5)

On November 6, 2015, the respondents filed an answer arguing among other things that the petition is time-barred. (Doc. 10) McCutcheon filed a reply on March 31, 2016. (Doc. 18) The respondents are correct; the petition is time-barred.

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The petition, however, must be filed within the applicable limitation period or it will be dismissed. The statute reads in pertinent part as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

1   28 U.S.C. § 2244(d). The "one-year statute of limitations . . . applies to each claim in a habeas
2   application on an individual basis." *Mardesich v. Cate*, 668 F.3d 1164, 1170 (9th Cir. 2012).

3   The limitation period for all of McCutcheon's claims was triggered on "the date on
4   which the judgment became final by the conclusion of direct review or the expiration of the time
5   for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

6   The Arizona Supreme Court affirmed McCutcheon's convictions and sentence on
7   September 26, 1989.  (Doc. 10-1, pp. 2-13)  McCutcheon then had 90 days to petition the U.S.
8   Supreme Court for review.  Sup. Ct. R. 13.  When he did not do so, his judgment became final.
9   *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

10  The limitation period did not begin to run immediately, however, because the limitation
11  statute did not become effective until April 24, 1996. *See Bryant v. Arizona Attorney General*,
12  499 F.3d 1056, 1058 (9th Cir. 2007).    The one-year limitation period began the next day and
13  expired one year later on April 24, 1997. *Id.*  Approximately 18 years later, on March 19, 2015,
14  McCutcheon filed a petition for writ of habeas corpus in this court.  He filed the pending
15  amended petition on July 6, 2015.  The amended petition relates back to the date the original
16  petition was filed, but it is still time-barred having been filed some 18 years too late.

17  McCutcheon argues § 2244(d)(1) does not bar his petition because his "sentencing errors
18  were newly discovered."[1]  (Doc. 5, p. 20)  Presumably, he believes the limitation period for his
19  claims was triggered on "the date on which the factual predicate of the claim or claims
20  presented could have been discovered through the exercise of due diligence."  28 U.S.C. §
21  2244(d)(1)(D).  And if the court were to find that this date occurred shortly before he filed his
22  notice of post-conviction relief, his petition might be timely.  McCutcheon, however, is
23  incorrect.  Section 2244(d)(1)(D) does not apply to his parole claims.

24  The "factual predicate" trigger applies when "the prisoner knows (or through diligence
25  could discover) the important facts underlying his claim, not when the prisoner recognizes their

26

---

27  [1] McCutcheon's Claim (6) is an Eighth Amendment claim based on the length of his sentence
    and his age at the time it was imposed.  His "newly discovered" argument apparently applies only to
28  the five claims related to his parole issue.

- 4 -

legal significance." *Hasan v. Galaza*, 254 F.3d 1150, 1155 n.3 (9th Cir. 2001). Here, the facts underlying the parole argument were known when McCutcheon was sentenced in 1987. At that time, he knew what his prior sentence was and when he began serving it; he knew when he was released on parole; he knew he was receiving earned release credits just prior to being released on parole, and he knew when he committed the new offenses. These are the facts upon which his pending parole claims are based. They were known even before his judgment became final. Therefore, the "factual predicate" trigger does not apply here.

At some later time, McCutcheon developed his novel legal theory that he continued to receive "earned release credit" even after he was released on parole, so the length of his parole was shortened by one third. *Id*. That he did not develop his legal theory until much later is of no consequence. *But see* (CV 15-512 PHX PGR (ESW), Doc. 14, p. 3) (McCutcheon apparently formulated his legal theory by 2011.) It is the date the facts are known that matters, not the date the legal theory is conceived. McCutcheon's parole claims are not rescued by the "factual predicate" trigger. 28 U.S.C. § 2244(d)(1)(D). His amended petition is still time-barred.

McCutcheon argues in his reply that his petition is not time-barred because of the operation of the tolling statute – 28 U.S.C. § 2244(d)(2). (Doc. 18, p. 29) He asserts his Rule 32 petition was timely filed because he was sentenced before September 30, 1992, when the current Rule 32 time limits were imposed. *Id*. He reasons the limitation period was statutorily tolled when his notice was filed, and tolling continued until the date the Arizona Supreme Court denied review on May 28, 2014. *Id*. His original petition was filed in this court less than one year later on March 19, 2015. (Doc. 18, p. 29) Therefore, he concludes that the pending petition is timely. The court does not agree.

The limitation period expired on April 24, 1997. *See Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1058 (9th Cir. 2007). The period was not renewed when McCutcheon filed his Notice of Petition for Post-Conviction Relief on January 2, 2013. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Section 2244(d)(2) did not toll the limitation period because it had already expired. His petition was filed some 18 years too late.

In the body of his petition, McCutcheon argues that he has a "valid actual innocence" claim. Under certain circumstances, a claim of "actual innocence" serves as a "gateway through which a petitioner may pass whether the impediment is a procedural bar or expiration of the statute of limitations." *Stewart v. Cate*, 757 F.3d 929, 937-938 (9th Cir. 2014). "When an otherwise time-barred habeas petitioner presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error, the Court may consider the petition on the merits." *Id.* (punctuation modified). "The Supreme Court has recently cautioned, however, that tenable actual-innocence gateway pleas are rare." *Id.* "A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.*

To establish a claim of "actual innocence" the petitioner must first present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S. Ct. 851, 865 (1995). Here, however, McCutcheon does not present any new evidence undermining his convictions. Instead, he presents a new legal theory that his sentence was illegal because he was not on parole at the time of the offenses because the earned release credit statute applies to parolees. This is insufficient. *See, e.g., Wildman v. Johnson*, 261 F.3d 832, 843 (9th Cir. 2001) (Petitioner who argued "his consecutive sentences were illegal under the applicable Oregon statute" did not establish factual innocence because he "failed to challenge the facts underlying his convictions."). McCutcheon has not made a credible showing of "actual innocence" to rescue his untimely petition. *See, e.g., Hinkhouse v. Franke*, 2013 WL 943535, at *6 (D. Or. 2013); *Fox v. Belleque*, 2009 WL 2828679, at *5 (D. Or. 2009).

In the alternative, the court finds that if McCutcheon's parole claims were considered on the merits, they all would be denied. This court is unable to do what McCutcheon asks – find that he continued to receive earned release credit even after he was released on parole pursuant to A.R.S. § 41-1604.07. "[A] state court's interpretation of state law . . . binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76, 126 S. Ct. 602, 604 (2005).

In this case, the trial court rejected McCutcheon's novel interpretation of A.R.S. § 41-1604.07. (Doc. 10-3, p. 31) ("[T]he court finds as a matter of law, on the undisputed facts, that Petitioner was on parole for felony offenses when he committed criminal offenses on April 25, 1984 . . . ."). This court is bound by that holding.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DISMISSING the amended petition for writ of habeas corpus. (Doc. 5) It is time-barred.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived. The Local Rules permit a response to an objection. They do not permit a reply to a response.

DATED this 7th day of April, 2016.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge