IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terry Lyn McCutcheon,<br><br>   Petitioner,<br><br>v.<br><br>State of Arizona, et al.,<br><br>   Respondents. | No. CV-15-00108-TUC-RM (LAB)<br><br>**ORDER** |

Pending before the Court is Petitioner Terry Lyn McCutcheon's Amended Petition for Writ of Habeas Corpus (Doc. 5). On April 7, 2016, Magistrate Judge Leslie Bowman issued a Report and Recommendation (Doc. 19) recommending that this Court deny the Amended Petition as time-barred. On May 5, 2016, Petitioner filed an Objection (Doc. 20).[1]

**I.   Background**

Petitioner was found guilty by a jury of two counts of armed robbery, three counts of aggravated assault, and three counts of kidnapping, stemming from an April 25, 1984 drug-store robbery. (Doc. 10-1 at 5, 36.) On May 8, 1987, he was found—after an

---

[1] As explained in Judge Bowman's Report and Recommendation, a party may serve and file written objections within 14 days of being served with a copy of a magistrate judge's report and recommendation. (Doc. 19 at 7 (citing 28 U.S.C. § 636(b).) If objections are not timely filed, they may be deemed waived. (*Id.*) Petitioner's Certificate of Service indicates that he mailed his objection on April 27, 2016. Petitioner does not specify when he received a copy of Judge Bowman's Report and Recommendation; thus, it is unclear whether Petitioner's Objection was timely filed. However, the Court will assume that the Objection was timely filed and will address it on the merits.

evidentiary hearing—to have committed the offenses while on parole, and he was sentenced to eight concurrent life sentences, without possibility of parole for twenty-five years. (*Id.* at 36-37.)  The Arizona Supreme Court affirmed his convictions and sentence on direct appeal. (*Id.* at 2-13)

On January 2, 2013, Petitioner filed a Notice of Petition for Post-Conviction Relief ("PCR") in the Pima County Superior Court. (Doc. 10-2 at 2.)[2] In his PCR Petition, Petitioner argued (1) that his 1987 sentence was improperly aggravated due to a mistaken belief that Petitioner was on parole at the time of the offenses for which he was convicted, and (2) that he received ineffective assistance of counsel because his trial and appellate counsel failed to recognize the parole issue. (Doc. 10-3 at 2, 5-20.)  On May 13, 2013, the trial court dismissed the PCR Petition on the merits, rejecting Petitioner's argument that he was not on parole at the time of the April 25, 1984 offenses for which he was convicted. (*Id.* at 27-32.)[3] The Arizona Court of Appeals granted review but denied relief, rejecting Petitioner's ineffective assistance of counsel claim on the merits and finding that Petitioner's "claim of sentencing error is precluded because he failed to raise it on appeal." (*Id.* at 72-75.)  The Arizona Supreme Court denied review on May 28, 2014. (*Id.* at 94.)

Petitioner filed a § 2254 Petition for Writ of Habeas Corpus in this Court on March 19, 2015 (Doc. 1) and an Amended § 2254 Petition on July 6, 2015 (Doc. 5.)  In his Amended § 2254 Petition, Petitioner argues (1) he was illegally sentenced because the trial court ignored the plain language of the parole statutes, (2) his sentence violates the Due Process Clause because no reasonable fact finder could have found that he was on parole at the time of the offenses for which he was convicted, (3) his trial and (4) appellate counsel's failure to recognize the parole issue constituted ineffective assistance

---

[2] The Notice of Petition for Post-Conviction Relief is dated December 7, 2012, but it was filed on January 2, 2013. (Doc. 10-2 at 2, 5.)  The Petition for Post-Conviction Relief is dated December 26, 2012. (Doc. 10-3 at 24.)

[3] The Court found that the PCR Petition was timely, even though 25 years had elapsed since Petitioner received the sentence at issue, citing *Moreno v. Gonzales*, 962 P.2d 205, 209 (Ariz. 1998). (Doc. 10-3 at 28.)

of counsel, (5) he has a valid actual innocence claim pursuant to Ariz. R. Crim. P. 32.1(H) and an insufficiency of the evidence claim pursuant to Ariz. R. Crim. P. 32.1(A), and (6) his sentence is grossly disproportionate in violation of the Eighth Amendment. (Doc. 5.)

On November 6, 2014, Respondents filed a Limited Answer arguing, in part, that the § 2254 Petition is time-barred. (Doc. 10.) Judge Bowman agreed and recommended that this Court deny the Amended § 2254 Petition as time-barred. (Doc. 19.)

## II.     Standard of Review

A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge.  Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

## III.    Analysis

In his Objection, Petitioner avers that his PCR Petition was timely under Rule 32.4(A) of the Arizona Rules of Criminal Procedure. (Doc. 20 at 3.) Petitioner argues that Respondent should be precluded from arguing that his § 2254 Petition is time-barred, because the State conceded that the PCR Petition was timely. Petitioner also argues that he is entitled to equitable tolling and that failure to entertain his claims on the merits would result in a miscarriage of justice. In addition, Petitioner argues the merits of the claims asserted in his Amended § 2254 Petition and asserts that his sentence violates the Ex Post Facto Clause.

None of the arguments made in Petitioner's Objection undermine Judge Bowman's conclusion that Petitioner's § 2254 Petition is time-barred. The Antiterrorism and Effective Death Penalty Act ("AEDPA") established a one-year statute of limitations for federal habeas petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). As Judge Bowman concluded, the limitation period for Petitioner's claims was triggered on the date that his judgment became final. *See* 28 U.S.C. § 2244(d)(1).[4] However, because the judgment became final before AEDPA took effect, the limitation period started running the day after AEDPA's effective date and expired on April 24, 1997. *See Bryant v. Ariz. Attorney Gen.*, 499 F.3d 1056, 1058 (9th Cir. 2007).

The limitation period is tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *See id.* § 2244(d)(2). In this case, however, the limitation period had expired long before Petitioner filed his Notice of Petition for Post-Conviction Relief in the Pima County Superior Court on January 2, 2013. Regardless of whether the PCR Petition itself was timely under state law, the filing of the PCR Petition did not toll the limitation period under § 2244(d)(1), as that limitation period had already long-since expired. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

Petitioner is not entitled to equitable tolling of AEDPA's statute of limitations, because he has not shown that he pursued his rights diligently or that an extraordinary circumstance prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 645, 649 (2010). Petitioner's untimely § 2254 Petition is not rescued by a gateway claim of actual innocence, because Petitioner has not shown, in light of new, reliable evidence, that "no

---

[4] The date on which the factual predicate of Petitioner's claims "could have been discovered through the exercise of due diligence," 28 U.S.C. § 2244(d)(1)(D), is earlier than the date on which his judgment became final. Petitioner conceded as much in his PCR Petition, in which he stated that "the factual and legal bases for the conclusion that [Petitioner] no longer was on parole from his previous three-year sentences as of April 25, 1984 were . . . plainly available" to both trial and appellate counsel. (Doc. 10-3 at 18-19.)

juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 135 S. Ct. 1924, 1928 (2013); *Schlup v. Delo*, 513 U.S. 298, 324, 329 (1995)).

Petitioner's § 2254 Petition was filed approximately 18 years too late. It is time-barred.[5]

Accordingly,

**IT IS ORDERED:**

1. Judge Bowman's Report and Recommendation (Doc. 19) is **accepted and adopted in full**.
2. Petitioner's Objection (Doc. 20) is **overruled**.
3. Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 5) is **denied**.
4. This case is **dismissed with prejudice**. The Clerk of Court is directed to enter judgment accordingly and close this case.
5. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability, because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 17th day of May, 2016.

Honorable Rosemary Marquez
United States District Judge

---

[5] The Court also agrees with Judge Bowman's alternate finding that Petitioner's parole claims fail on the merits; this Court is bound by the Pima County Superior Court's rejection of Petitioner's interpretation of A.R.S. § 41.1604.07, because "a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam).